NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, <br><br> Petitioner, <br><br> v. <br><br> MARK CONSTRUCTION, <br><br> Respondent. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 07-CV-5934 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Petitioner New Jersey Building Laborers' Statewide Benefit Funds ("Petitioner") and its trustees to confirm an arbitration award, and Respondent Mark Construction's ("Respondent") cross-motion to vacate an arbitration award. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's motion to confirm the arbitration award is **granted**, and Respondent's cross-motion to vacate the arbitration award is **denied**.

I.   BACKGROUND[1]

Respondent is a New Jersey company that performs concrete and masonry work. Petitioner represents Laborers Local 593 ("Laborers"), a union that Respondent entered into a

---
[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

Collective Bargaining Agreement ("CBA") with during a 2002 project. On March 4, 2004, Respondent alleges it sent a letter to Laborers terminating the CBA between the parties. Petitioner, on behalf of Laborers, sent a letter to Respondent on September 5, 2007, and another on September 19, 2007, informing Respondent of Laborers' desire for an arbitration hearing in response to concerns that Respondent was violating the CBA. An arbitration hearing was held on October 29, 2007, which Respondent failed to attend. On November 1, 2007, Arbitrator J.J. Pierson ("Arbitrator") determined that Respondent was subject to having its payroll, employment and other records inspected to determine if Respondent was fulfilling its obligations to Petitioner under the CBA. Petitioner seeks to confirm this arbitration award. Respondent filed a cross-motion in response to have the award vacated, alleging that it did not receive proper notice of the underlying arbitration, fraud in the execution of the CBA, Respondent's alleged termination of the CBA as of April 30, 2004 and a lack of input in the selection of the arbitrator.

## II.    STANDARD OF REVIEW

Judicial review of an arbitration opinion and award is extremely limited. Major League Players Ass'n. v. Garvey, 532 U.S. 504, 509 (2001). An arbitrator's award will be enforced so long as it draws its essence from the collective bargaining agreement. See United Steelworkers of America v. Enterprise Wheel & Car Corp. No. 538, 363 U.S. 593 (1960); United Parcel Services, Inc. v. International Brotherhood of Teamsters, Chaffeurs, Warehousemen, and Helpers, Local Union No. 430, 55 F.3d 138, 141 (3d Cir. 1995); United Transportation Union Local 1589 v. Suburban Transit Corp., 51 F.3d 376 (3d Cir. 1995). An award draws its essence from a collective bargaining agreement if "the interpretation can in any rational way be derived from the agreement,

viewed in light of its language, its context, and any other indicia of the parties' intention." Ludwig Honold Manufacturing Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969); Tanome Mining Co. v.Local Union No. 1269, UMWA, 896 F.2d 745, 748 (3d Cir. 1990); Roberts & Schaefer v. Local 1846, United Mine Workers of America, 812 F.2d 883 (3d. Cir. 1987).

### III.  DISCUSSION

#### A.  Respondent was given due notice of the arbitration hearing.

Respondent alleges that it never received notice of the arbitration hearing. The Arbitrator found that Respondent had received due notice by the September 5, 2007 letter sent to Respondent. Assuming Respondent's allegation that it did not receive this letter is true, Respondent still received due notice on September 19, 2007. This letter clearly states that the arbitration is set to take place on October 29, 2007. Respondent had over a month to prepare itself for the arbitration hearing and did not attend. Respondent alleges that it a letter to Petitioner requesting a copy of the CBA and a deferral of the audit that was never returned, but this does not negate the fact that the arbitration date was made known to Respondent over a month in advance. This Court therefore upholds Arbitrator's finding that due notice was given.

#### B.  Arbitrator's award and order are entitled to a narrow scope of judicial review.

The Arbitrator's decision meets the Fletcher standard, as it draws its essence from the CBA. 405 F.2d 1123 (3d. Cir. 1969). Arbitrator found Respondent to be a valid signatory to the CBA and that Respondent is required to pay contribution to Petitioner for employees covered by the CBA. Petitioner's trustees also have the right to inspect payroll, employment and other records

of Respondent to ensure Respondent's compliance with its obligations to Petitioner. Finding that Respondent failed to respond to Petitioner's request for inspection, Arbitrator ordered an audit of Respondent's records. Arbitrator's findings are directly related to his interpretation of the CBA. As such, this Court finds that Arbitrator's findings should not be overturned.

      **C.**    **Respondent's contract formation defenses were required to be presented to the Arbitrator, and are thus untimely.**

Respondent puts forth several defenses alleging that the CBA was executed fraudulently as well as that it had effectively terminated the CBA as of April 30, 2004. The Supreme Court has made a distinction between two types of challenges to the validity of arbitration agreements. One type concerns the specific validity of the agreement to arbitrate, while the other type concerns the contract's validity as a whole. In Buckeye Check Cashing, Inc. v. Cardegna, the Supreme Court makes clear that challenges of the contract's validity as a whole must be made and considered during the first instance; the arbitration hearing. 126 U.S. 1204, 1208-1209. Both of Respondent's defenses regard the validity of the contract as a whole. These defenses must have been made during the arbitration hearing, which Respondent failed to attend, but had notice of. As Respondent was given due notice of the hearing, Respondent's failure to make these arguments before the Arbitrator bars this Court from considering same.

      **D.**    **Respondent Consented to the Arbitrator as a Signatory to the CBA.**

Respondent claims that it had no input in the selection of the Arbitrator. In signing the CBA, however, Respondent consented to the use of Arbitrator Pierson which Petitioner proposed in the Agreements and Declarations of Trust. As Respondent was found to be a valid signatory to

the CBA by Arbitrator. The term of the Agreements appointing Arbitrator J.J. Pierson as the general arbitrator is valid and binding upon Respondent.

## IV.     CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioner's motion to confirm the arbitration award is **granted**, and Respondent's cross-motion to vacate the arbitration award is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | August   12  , 2008 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Mark Falk, U.S.M.J. |
| | File |